## Emmons v. Eshbach

*Bard & Brown*, for plaintiff.

*J. Andrew Frantz* and *H. Edgar Sherts*, for defendant and rule.

ATLEE, P. J., January 19, 1933.—The plaintiff, A. W. Emmons, brought suit against B. K. Eshbach, the defendant, to recover damages arising from a collision between the plaintiff's buggy and horse and an automobile driven by one J. Raymond Young, an employe of the defendant, upon the business of the defendant. The plaintiff resides near Norwalk, Huron County, Ohio, and while he was driving his horse and buggy in an eastwardly direction on State route no. 18, at a point some 5 miles southeast of Norwalk, an automobile driven by an employe of the defendant, also going eastwardly on State route no. 18, collided with the plaintiff's vehicle, the forepart of the defendant's automobile striking the rear of the plaintiff's buggy. Upon the trial of the case the defendant admitted liability and the immediate matter left for the jury's determination was the amount of damages to be awarded to the plaintiff. The verdict of the jury was in favor of the plaintiff and against the defendant for the amount of $1,315.

676

Six reasons for a new trial have been filed by counsel for the defendant. The first three reasons being purely formal need not be considered.

The fourth reason for new trial alleges the verdict was excessive under the evidence, the law, and the charge of the court. If the jury believed the testimony of the plaintiff there is no merit in this reason for new trial.

The fifth reason for new trial is that the court erred in its answer to the defendant's first point. This point and the answer thereto are as follows:

"1. Under the law and the evidence in this case, there can be no recovery for permanent disability.

"Answer: We answer that point by saying to you that there is no proof of loss of earning power here in any definite way; but if you should find, from the fair preponderance of the evidence, that there is a permanent disability resulting from this accident, and that the plaintiff has endured and will continue to endure pain and suffering from that disability, then you could allow such reasonable compensation as you believe proper."

It is to be observed that this first point asks the court to charge the jury that there could be no recovery for "permanent disability". "Permanent disability" certainly has a meaning different from the meaning of the words "loss of earning power." There was evidence that the plaintiff had suffered some disability. In the court's answer to this point the court fairly to all parties concerned covered the several questions raised by the point.

The second point read as follows:

"2. There can be no recovery in this case for diminished earning capacity from permanent injuries, for the reason that the plaintiff has furnished no evidence to form a basis for which the plaintiff's earning capacity can be fairly estimated."

The court's answer to that point was: "That point is affirmed".

Thus on the question of diminished earning capacity the trial court sustained the request of the defendant.

The sixth reason for new trial alleges error in the trial court's answer to the defendant's third point. This point and the answer thereto are as follows:

"3. The damages to be recovered in this action are only the expenses which the plaintiff was subjected to by reason of the injury and the inconvenience and suffering materially resulting therefrom.

"Answer: We answer that point by saying that you are to bear in mind the court's instructions as to compensation for pain and suffering, in reaching any conclusion that you may reach."

Since liability was admitted and the only question to be pased on by the jury was the amount of compensation to be awarded to the plaintiff the court cannot see how the court erred in answering the third point as above set forth.

"Permanent disability" is a broad term which should not be used standing by itself. If permanent disability results in the loss of earning power then the term "loss of earning power" should be used. If permanent disability results in pain and suffering and loss of use of members or of organs then more specific terms than the term "permanent disability" should be used. The court repeats that in the charge and the answer to the points the only reference made by the trial court as to recovery for diminished earning capacity was made by the trial court in affirming the defendant's second point which asked the court to charge that there could be no recovery for diminished earning capacity from permanent injury. The court so charged. Where a specific instruction is requested in a point it is not necessary for the court to give instructions on that point in any other part of its charge. In affirming defendant's second point the trial court

definitely told the jury that there could be no recovery of damages for diminished earning capacity from "permanent injury".

After careful consideration of the entire record the trial court is convinced that the case was properly tried, and properly presented to the jury, and that the verdict of the jury was proper under the evidence.

The court therefore discharges the rule to show cause why a new trial should not be granted.